UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KELLEY M. PATTON,

                              Plaintiff,

                                                          **Hon. Hugh B. Scott**

                                                          14CV308A

                    v.                                    **Order**


FORD MOTOR COMPANY,

                              Defendant.

---

Before the Court are (a) plaintiff's motion to extend the discovery deadline (Docket No. 22)[1] and (b) defendant's counter-motion for a protective Order (Docket No. 26; see Docket No. 25)[2]. Responses to plaintiff's motion initially were due April 7, 2015, and any reply was due April 14, 2015 (Docket No. 23), and that motion was deemed submitted on April 14, 2015. The current discovery deadline (Docket No. 20) was March 20, 2015, and it was held in abeyance pending resolution of this motion. With the defense motion, responses were extended for both motions to May 1, 2015, replies were due by May 8, 2015, and dispositive motions also were

---

[1]In support of her motion, plaintiff submits her Memorandum of Law; Declaration of plaintiff's counsel, Docket No. 22; her Memorandum of Law [2d Memorandum] in Support and in Opposition to Defendant's Motion for a Protective Order, Docket No. 28.
    In opposition and in addition to its counter-motion for a protective Order, Docket No. 26, and supporting papers described elsewhere, defendant filed its attorney's Declaration concerning response to Plaintiff's Motion to Extend Discovery, Docket No. 29.

[2]In support of its counter-motion, defendant Ford Motor Company submits its amended Notice of Motion; Declaration of Felicia Fields; Declaration of defense counsel with exhibits, and Memorandum of Law, Docket No. 26; defense counsel's supporting Reply Declaration (with exhibits) and Reply Memorandum, Docket No. 30.
    In opposition and in addition to her own moving papers, plaintiff submits her second Memorandum of Law, Docket No. 28.

held in abeyance pending resolution of these motions (Docket No. 27). Defendant's initial

motion (Docket No. 25) was terminated upon the filing of the Amended Notice of Motion

(Docket Nos. 27, 26).

## BACKGROUND

This is a Fair Labor Standards Act, 29 U.S.C. §§ 207, et seq., action for discrimination on

the basis of pay (Docket No. 1, Compl.). The first cause of action alleges that defendant failed to

pay overtime wages to plaintiff, in violation of 29 U.S.C. § 207, claiming that she had non-

exempt job duties (id. ¶¶ 86-89, 87), while the second cause of action alleges violation of

(unspecified provision of) New York Labor Law and the Fair Labor Standards Act, 29 U.S.C.

§ 201, for failure to pay overtime wages (id. ¶¶ 91-94). Plaintiff also alleges claims of retaliation

in violation of New York Labor Law § 215; pay discrimination, in violation of 42 U.S.C. § 1981;

and failure to promote, in violation of § 1981 (id. ¶¶ 95-96, 97-100, 101-05). Defendant

answered (Docket No. 5), and this Court entered (Docket No. 17) and later amended (Docket

No. 20) the Scheduling Order on stipulation (Docket No. 19).

*Plaintiff's Motion to Extend Deadline*

During a deposition, plaintiff learned of a defense employee, Felicia Fields, who knew of

defendant's policies regarding exempt and non-exempt employees and how employees are thus

classified (Docket No. 22, Pl. Memo. at 1-2; Docket No. 22, Pl. Atty. Decl. ¶ 4). Ms. Fields is

defendant's group vice president for human resources and corporate services (Docket No. 26,

Fields Decl. ¶ 2). Plaintiff argues that exempt status is material to her first and second causes of

action (Docket No. 22, Pl. Atty. Decl. ¶ 5). Plaintiff thus seeks a sixty-day extension of the

discovery deadline to complete discovery regarding the exempt status (id. ¶¶ 3, 7), but defendant refused to consent to extension of the discovery deadline (id. ¶ 7).

Defendant counters that plaintiff was aware of her classification as an exempt or nonexempt employee since commencing this action (Docket No. 26, Def. Atty. Decl. ¶ 3, citing Docket No. 1, Compl. at page 13 of 19), contending that plaintiff filed this action alleging that her HR Associate – Labor position was misclassified under the Fair Labor Standards Act as an exempt position and thus wrongly denied overtime pay (Docket No. 26, Def. Memo. at 2-3). Defendant argues that plaintiff's motion should be denied because she seeks this relief at the last day of discovery (see id. at 3-4). Defendant concludes that plaintiff lacks good cause under Federal Rule of Civil Procedure 16(b)(4) for extension of the discovery deadline (id. at 2, 6-8). Defendant argues that Fields has no personal knowledge of plaintiff's claims or has unique knowledge of the subject matter as to require Fields' deposition (Docket No. 26, Def. Atty. Decl. ¶¶ 13, 9 (plaintiff having no knowledge of Fields, never meeting her); Docket No. 26, Fields Decl. ¶¶ 2, 3), although five personnel officials identified by the parties as being knowledgeable about plaintiff and her situation were not yet deposed (Docket No. 26, Def. Atty. Decl. ¶¶ 4-5, 7; id., Def. Memo. at 2, 3). Defendant contends that plaintiff is speculating that Fields has relevant evidence, despite her lack of knowledge (Docket No. 26, Def. Memo. at 7). Defendant also believes that plaintiff was not diligent in pursuing this inquiry, central to two of her claims (id. at 8).

Defendant argues that deposing Fields is harassment and urged plaintiff to withdraw a deposition notice (also to be conducted after the March 20, 2015, discovery deadline) (Docket No. 26, Def. Atty. Decl. ¶ 9). Plaintiff requested an extension of the discovery deadline (Docket

No. 19; see Docket No. 20, Amended Scheduling Order), but she has not sought document

production on the exemption issue, central to two of her claims (Docket No. 26, Def. Memo. at

3-4, 2).  On April 7, 2015, after the discovery deadline, plaintiff noticed Fields' deposition,

ostensibly to testify on the exempt/non-exempt status (Docket No. 26, Def. Memo. at 4).  When

plaintiff herself was deposed, she testified that she never met Fields, that she did not know

whether Fields had any knowledge of her claims or had responsibilities regarding the

exempt/non-exempt designation (id. at 4; id., Def. Atty. Decl. ¶ 9, Ex. C, Pl. EBT Tr. at 352-62).

Plaintiff testified that Fields, as vice president, would have knowledge of the policies and

procedures of Ford (Docket No. 26, Def. Atty. Decl., Ex. C, EBT Tr. at 353, 355-56), that Fields

had published training on the difference between exempt and non-exempt (id. at 356-57).

Plaintiff also testified that, from another action, Fields' name was mentioned, and that she had to

become aware of exempt/non-exempt policies at the Buffalo plant as they arose in that case (id.

at 359-60).

Fields is the "Group Vice President, Human Resources and Corporate Services" for

defendant and is the highest ranking human services official (Docket No. 26 Fields Decl., ¶ 2).

She denies knowing plaintiff or knowing her job title or what her job entails (id. ¶ 3).  Fields also

disclaims knowledge of how Ford classifies employees as exempt or non-exempt and denies any

involvement in that decision making process (id.).

Defendant, in its reply, argues that plaintiff waited until the day before the discovery

deadline to move for extension of the deadline (Docket No. 29, Def. Atty. Reply Decl. ¶ 3).

Defendant proposes that if any extension of discovery time is granted, it should be limited to

conduct a single deposition of a knowledgeable Ford representative in the Eastern District of

Michigan, limited to the narrow issue of the exempt classification procedure (Docket No. 30, Def. Reply Memo. at 4-5).

*Defense Motion for Protective Order*

In response to plaintiff's motion, defendant moves for a protective Order, alternatively seeking to prohibit Ms. Fields' deposition or to have her (and other) deposition held where defendant's principal offices are (Docket No. 26, Def. Amended Notice of Motion), in Dearborn, Michigan (Docket No. 26, Fields Decl. ¶ 4) in the Eastern District of Michigan, 28 U.S.C. § 102(a)(1).  Defendant argues that plaintiff has failed to show that Fields' testimony would be relevant in this action, given that Fields knows nothing about the exempt/non-exempt classification (Docket No. 26, Def. Memo. at 2).  Defendant seeks a protective Order to avoid the annoyance and harassment of Fields (id. at 8).  As a high-level official at Ford without personal knowledge relevant to this case, defendant argues that Fields (should she be examined at all) should be examined in her corporate home district rather than compelled to come to this District (id. at 9-10).

Defendant also seeks to hold any other deposition in the Eastern District of Michigan (see Docket No. 26, Def. Notice of Motion), but does not state specific witnesses plaintiff seeks to depose and where these persons are located.

Plaintiff is seeking the decision maker that set her exempt/non-exempt classification.  She responds that she deposed Jeffrey Croff, defendant's HR manager in Buffalo (and proffered in defendant's initial disclosure), and Dr. Anade Long (nee Jacobs, see Docket No. 30, Def. Reply Memo. at 3), the former HR manager for defendant, and both officials were unable to testify as to the determination of exempt/non-exempt status and could not identify who did (since they did

not make that determination themselves) (Docket No. 28, Pl. Atty. Decl. ¶¶ 3, 4, 5-6, Exs. A, B;

id., Pl. 2d Memo. at 2).   During Croff's deposition, he stated that he had no information relating

to how duties were allocated by employee classification, because such decisions were centrally

made (Docket No. 28, Pl. 2d Memo. at 3; Docket No. 28, Pl. Atty. Decl. Ex. A, Croff EBT Tr. at

39).   Croff testified that he believed that "HR for HR" would determine exempt status, a person

he could not name (Docket No. 28, Pl. Atty. Decl. Ex. A, Croff EBT Tr. at 40).   Dr. Long later

was examined and she testified that exempt classification was made by unnamed "salaried

personnel in Dearborn" (Docket No. 28, Pl. Atty. Decl. Ex. B, Long EBT Tr. at 74).   Dr. Long

testified that plaintiff's position was exempt (id.) but the classification was made before

Dr. Long's tenure (id. at 75).   Plaintiff, during a break of this deposition, asked defendant if it

would agree to extend the discovery deadline but defense counsel denied that request, leading to

plaintiff's motion for extension of the deadline (Docket No. 28, Pl. Memo. at 4).

On March 27, 2015, plaintiff claims that the defense counsel offered to identify another

official who may possess information about the exempt/non-exempt classification (Docket

No. 28, Pl. Atty. Decl. ¶ 13, Ex. D).   Plaintiff believed that an agreement was reached to produce

an alternative witness to Ms. Fields for her scheduled examination (id. ¶ 16), but defendant

instead filed its counter-motion for a protective Order (Docket No. 28, Pl. Memo. at 5).

On this motion, plaintiff argues that defendant has not shown it acted in good faith to

avoid the motion practice before filing its motion (Docket No. 28, Pl. Memo. at 6).   Plaintiff

remains willing to depose some other Ford representative knowledgeable of its exempt

classification procedures (id.).   Plaintiff has taken no position on the site of the deposition of

such representatives.

6

DISCUSSION

I.     Applicable Standards

Under Federal Rule of Civil Procedure 6(b), this Court may (for good cause) extend the time for a stated deadline (Docket No. 22, Pl. Memo. at 1).  Here, plaintiff has shown good cause, from the late discovery of material regarding exempt employment status, to warrant extension of the schedule.

Under Rule 26(c), prior to obtaining a protective Order the movants must certify that they have in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court intervention, Fed. R. Civ. P. 26(c).  Under Rule 26(c), the Court has power to protect against abuses in discovery.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984).  The appropriateness of a protective Order is a balance of the litigation needs of the requesting party and the protectable interests of the party from whom discovery is sought.  Mitchell v. Fishbein, 227 F.R.D. 239, 245 (S.D.N.Y. 2005).  This Court has broad discretion in issuing such a protective Order.  Seattle Times, supra, 467 U.S. at 36.  If the motion for protective Order is wholly or partially denied, this Court "may, on just terms, order that any party or person provide or permit discovery," Fed. R. Civ. P. 26(c)(2).

On a seasonable motion to change the site of a deposition, this Court again enjoys wide discretion in selecting the place of examination and the conditions for holding the examination (namely, which party bears expenses), 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2112, at 74-75 (Civil 2d 1994).  Given the weight applied for plaintiff's choice of forum, courts are more willing to protect defendants from having to come to the forum for taking their depositions than they are in the case of plaintiffs, id. at 80-

7

81 & n.16.  Deposition of nonresident defendants, or here their corporate employees or officers, would be taken at the defendant's place of residence absent plaintiff showing exceptional circumstances for holding the depositions in the forum District, O'Sullivan v. Rivera, 229 F.R.D. 187, 189 (D.N.M. 2004).

II.      Plaintiff's Motion:  Extend Schedule and Deposition of Felicia Fields

Implicit in plaintiff's otherwise simple request for an extension of Scheduling Order is reopening discovery (ostensibly closed on March 20, 2015, see Docket No. 20) and conducting the deposition of Ms. Fields (or an equivalent Ford representative with relevant knowledge). Defendant's counter-motion for a protective Order (Docket No. 26) seeks to not hold this deposition.  Thus, before considering whether to extend the schedule on the basis of plaintiff's motion, this Court must consider whether Fields' deposition will lead to relevant material for a claim or defense, see Fed. R. Civ. P. 26(b)(1).

Defendant strenuously argues that Fields, a high human resources official with Ford at its Dearborn headquarters, has no relevant knowledge of this case, since she did not know the plaintiff or how she was classified.  Plaintiff merely contends that, as the highest ranking human resources person at Ford, Ms. Fields must be aware of policies and procedures (Docket No. 26, Def. Atty. Decl., Ex. C, EBT Tr. at 353, 355-57).  This is speculative on plaintiff's part.  Plaintiff concedes in her response that following the depositions of Croff and Dr. Long "it became apparent that the proper person to be deposed was not known by either party" (Docket No. 28, Pl. Memo. at 5).  Plaintiff has not shown that Ms. Fields has this knowledge and would be the proper person to examine.

Instead, plaintiff now argues that any knowledgeable Ford representative be produced to address this matter. Plaintiff seeks a 60-day extension now to depose regarding defendant's exempt classification (see Docket No. 22, Pl. Memo. at 2). That request (Docket No. 22) is **denied in part**; plaintiff has not established a basis to conduct this deposition from the witness identified, thus time to conduct this examination is denied. But the parties suggested that other, unnamed Ford officials may know its classification process and could be called to testify.

Plaintiff argues that the parties agreed to defendant's production of a substitute official to testify regarding Ford's classification process (Docket No. 28, Pl. Atty. Decl. ¶ 13, Ex. D). But a close reading of the email stream cited by plaintiff (id., Ex. D) and defendant (see Docket No. 30, Def. Atty. Reply Decl. Ex. C) reveals that defense counsel offered "to discuss with Ford" whether such an official would be produced with the caveat that plaintiff was making the request on the eve of the discovery deadline (id., Ex. D, Mar. 27, 2015, email Julia Turner Baumhart to Lindy Korn). The next day, plaintiff's counsel agreed "to having Ford identify someone who has knowledge about the subject matter (exempt/non-exempt classifications, and the test for this determination), and during the extension of the CMO [Case Management Order, or the Scheduling Order] which has already been requested, that deposition can be taken" (id., Ex. D, Mar. 28, 2015, email Lindy Korn to Julia Baumhart; see id. ¶ 14). Plaintiff then took defense counsel's email of Mar. 29, 2015, as confirmation of that agreement (id., ¶ 15, Ex. D, email Baumhart to Korn); but that last email merely directed plaintiff's counsel to the defense co-counsel, and disputed whether Jeff Croff identified Fields as the knowledgeable Ford official (id.). That email did not state defendant's confirmation of plaintiff's version of the agreement. In fact, defendant now argues that there was no such agreement (Docket No. 30, Def. Reply

Memo. at 2) and that plaintiff rejected its offer (to consult with Ford to see if another representative could be found) by pursuing her motion to extend the Scheduling Order (Docket No. 30, Def. Atty. Reply Decl. ¶ 8, Ex. C). Defendant offered to discuss production of another person in an effort to avoid plaintiff continuing with this motion practice (Docket No. 30, Def. Reply Memo. at 2).

Thus, all defense counsel offered to do was to ask her client if it would identify a witness upon a near belated request to produce that person if plaintiff dropped her present motion. Since nothing more was actually agreed upon (or yet sought by plaintiff), this Court **will not compel defendant to produce a replacement witness for Ms. Fields**. But, unlike defense argument now, there appears to have been no quid pro quo of talking with her client about new representative for plaintiff dropping her motion.

Rather than go around about the terms of a non-existent agreement and to advance discovery on this point, plaintiff may serve (for example) a Rule 30(b)(6) notice to have defendant produce a representative knowledgeable of its practices regarding exempt employment classification, or use other discovery devices of her choosing to learn the identity of such a representative. Ideally, the parties should in advance of this notice or discovery demand work out the identity of that person or persons and the location of the deposition or other discovery device, cf. Fed. R. Civ. P. 37(a)(1)(certify attempt to confer about discovery dispute prior to moving to compel). Since defendant alternatively moved for a protective Order not only against depositing Ms. Fields in this District (instead to have it, if at all, in the Eastern District of Michigan), defendant also sought to preclude deposition of other Dearborn-based defense

employees outside of the Eastern District of Michigan (see Docket No. 30, Def. Reply Memo. at 1).

III.    Where to Hold Defense Witness Deposition(s)

Alternatively, defendant moved that any depositions of Fields and others be held in its city, Dearborn, Michigan, in the Eastern District of Michigan, rather than in plaintiff's counsel's office here in Buffalo, New York.  Given the grant of the protective Order against Fields' examination anywhere, defendant's alterative relief as to her is **moot**.  As to other defense witnesses (such as potential defense witnesses actually familiar with the exempt classification process), the parties have not identified who these witnesses are or their locations.  Plaintiff only noticed Fields' examination.  This Order invites plaintiff to formally notice Ford to identify some other representative with that information.

If these Ford representatives are based or reside in this District, defendant's alternative motion is **denied** as to them.  The inconvenience argued for Ms. Fields would not be applicable to defendant's officials or employees stationed in this District.  Presuming that such persons are also in Dearborn, however, the issue of where their deposition should occur again arises.  Plaintiff in responding to this motion did not address this issue.  With good faith discussions to avoid return to this Court under the Federal Rules will allow the parties to work out where the examination of any Eastern District of Michigan witnesses would be.  But absent a formal discovery demand or notice that defendant moves for a protective Order against or plaintiff moving to compel, this Court **declines at this time to address where such discovery should occur**.

IV.     Amended Scheduling Order

With the filing of plaintiff's motion, this Court held the Scheduling Order in abeyance pending resolution of the motion (Docket No. 23).  Factoring in the time for this resolution and the possible deposition or other form of discovery from some representative of defendant knowledgeable of its exempt classification system, the Scheduling Order needs to resume and the deadlines reset.  As a result, all remaining discovery (including discovery contemplated in this Oder) is to be completed by **July 21, 2015**, or approximately sixty days from entry of this Order. In the absence of noticed discovery, sixty days should afford more than adequate time for plaintiff to determine what discovery method she will use, for the parties to confer and reach agreement on the means for effect that method, and for conducting the discovery process, also providing more than adequate amount of time to address the discrete remaining discovery issue (insofar as this Court is aware) of how Ford classifies its employees as exempt or non-exempt.

Subsequent deadlines now need to be similarly adjusted; dispositive motions are now due by **October 19, 2015**; mediation to end by **November 2, 2015**; and, if no motions are filed, parties are to contact the Chambers of Judge Arcara by **October 30, 2015**, to schedule a Pretrial Conference and set a trial date.

CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 22) to extend the discovery deadline is **granted in part** as discussed above.  Defendant's motion for a protective Order (Docket No. 26) to not hold the deposition of Felicia Fields is **granted**.  Defendant's motion for alternative relief (id.) to hold Fields' (and other) depositions in its home district is **denied as moot as to Fields and deemed premature pending service of actual discovery demands**.  The

12

parties are to confer as to the method for plaintiff to identify and (if desired) examine a representative of Ford knowledgeable of the exempt classification procedure used by Ford.  The amended Scheduling Order (cf. Docket No. 20) is described above.

So Ordered.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
         May 22, 2015

13